838 A.2d 463

ROSE MANZO, AN INCOMPETENT PERSON, BY THE GUARDIAN OF HER PROPERTY, AND MORGAN ESTATES, L.L.C., A NEW JERSEY LIMITED COMPANY, PLAINTIFFS-APPELLANTS, v. THE MAYOR AND TOWNSHIP COUNCIL OF THE TOWNSHIP OF MARLBORO, AND MARLBORO TOWNSHIP, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY LOCATED IN MONMOUTH COUNTY, NEW JERSEY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted September 29, 2003—Decided November 10, 2003.

Before Judges PETRELLA, COLLESTER and FUENTES.

*Wolff & Samson,* attorneys for appellant Rose Manzo (*Adam K. Derman,* of counsel and on the brief; *James M. Graziano,* also on the brief).

*Mehr, LaFrance & Basen,* for appellant Morgan Estates, L.L.C. (*Scott J. Basen,* on the letter relying on the brief filed on behalf of appellant Rose Manzo).

*DeCotiis, FitzPatrick, Cole & Wisler,* attorneys for respondents (*R. Brian McLaughlin,* on the brief).

PER CURIAM.

Plaintiffs, Rose Manzo, an incompetent, by the guardian of her estate, and Morgan Estates, L.L.C., appeal from a determination of Judge O'Hagan in the Law Division dismissing their complaint in lieu of prerogative writs. The judge upheld a Marlboro Township (Township) zoning ordinance amendment, subject to a court-ordered modification to allow cluster zoning, against plaintiffs' challenge to that ordinance. After judgment was entered, the

Township adopted ordinance 2002–24 to amend section 84–49.3 of the Township Code to conform to the trial judge's ruling.

The estate of Rose Manzo owns property in the Township of Marlboro (Township) which consists of a single lot containing approximately 167 acres of undeveloped land. The estate granted Morgan Estates an option to purchase this property some time in 1999. Up until August 18, 1999, the Manzo property had been zoned for 30,000 square foot lots, consistent with other properties in the area. In August 1999, after Manzo and Morgan Estates had entered into the option agreement, the Township created a new zoning district, the Stream Corridor Preservation Residential District–II (SCPRD–II) zone, which required minimum lot size of 80,000 square feet and allowed some optional clustering provisions. It was this amendment to the ordinance that gave rise to the legal challenge which is the subject of the appeal.

On appeal, plaintiffs argue: (1) the Township's zoning amendment was improper and invalid because there was no scientific basis to support the asserted zoning purpose, and the Township singled out the Manzo property to bear the open space burden of the entire Township; (a) the judge erred in sustaining the ordinance because it is arbitrary and capricious, and it fails to advance any legitimate zoning interest; (b) the judge erred in upholding the ordinance because it constitutes improper reverse spot zoning; (2) the SCPRD–II zone ordinance is overly restrictive and thus invalid; and (3) the zone change is inconsistent with the Township's master plan, and thus should be invalidated.

We have considered the record and the arguments presented and are satisfied that Judge O'Hagan's findings and conclusions are supported by substantial credible evidence, thus we have no warrant to disturb them. We reject plaintiffs' arguments as without merit.

We affirm for the reasons stated by Judge O'Hagan in his written decision of February 28, 2002, reported at 365 *N.J.Super.* 186, 838 *A.*2d 534, 2003 WL 22747040 (Law Div.2003).